(164 App. Div. 153)

## In re JAFFE. (No. 1.)

(Supreme Court, Appellate Division, First Department. October 23, 1914.)

ATTORNEY AND CLIENT (§ 45*)—MISCONDUCT OF ATTORNEY—MISDEMEANOR—SUSPENSION FROM PRACTICE.

Penal Law (Consol. Laws, c. 40) § 1170, provides that a person who becomes a party to a conveyance of real estate with intent to deceive or delay other persons, or, being a party or privy to such conveyance, willfully puts the same to use as having been made in good faith, is guilty of a misdemeanor. Respondent, an attorney, and P., having purchased certain mortgaged real estate for their joint account, respondent induced P. to execute a deed in blank that he might use it to delay foreclosure of the second mortgage, and to raise the money to pay off the mortgage filled in the name of C. Respondent then had a deed executed by C. to his sister, but misspelled her name, so as to prevent her being identified, and caused these deeds to be recorded. The second mortgages were not foreclosed, but the first mortgages were, and in that proceeding he appeared for his sister, and so did not use the deeds for the purpose for which they were obtained and recorded. *Held*, that such act was gross professional misconduct, for which he would be suspended from practice.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 63; Dec. Dig. § 45.*]

Proceeding by the New York County Lawyers' Association against Benjamin Jaffe, an attorney, to disbar him for professional misconduct. Respondent found guilty on one of the charges against him, and suspended for six months, and until further order of the court.

See, also, 145 App. Div. 922, 130 N. Y. Supp. 1116.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Richard H. Clarke, of New York City, for petitioner.
J. Stewart Ross, of Brooklyn, for respondent.

INGRAHAM, P. J. The petitioner presented three charges of professional misconduct against the respondent. The respondent interposed an answer, and the proceeding was referred to a referee, who, after hearing the witnesses, has reported that the first and third charges are not sustained, and that the second charge is sustained. It is only necessary to say in relation to the first and third charges that we agree with the referee. He has seen and heard the witnesses, and his report is so full and convincing that we are satisfied to approve it without discussion.

In relation to the second charge, the referee reports that the respondent committed a "technical" violation of section 1170 of the Penal Law. That section provides that a person who becomes a party to a conveyance or assignment of real estate, or an interest therein, with intent to deceive, or to hinder, delay, or defraud creditors or other persons, or, being a party or privy to, or knowing of, such conveyance or assignment so made, willfully puts the same to use as having been made in good faith, is guilty of a misdemeanor.

The respondent concedes that he obtained a deed of certain real property from one Adele Pinski. She testified that she executed and delivered the deed to respondent to enable him to convey the property to his brother, who had agreed to purchase it. He says that he took the deed to have the property put in the name of a third party, so as to delay the foreclose of a mortgage on the property. This property had been purchased for the joint account of the respondent and Mrs. Pinski. It was subject to first and second mortgages, the interest on which was unpaid, and the foreclosure of the second mortgage was imminent. The respondent's story, which the referee has accepted, was that he had this deed executed by Mrs. Pinski in blank, to use it so as to delay the foreclosure, and to enable him to get the money, either by sale or a new mortgage, to pay off the mortgage filed in the name of one O'Conner, and then had a deed executed by O'Conner to his sister, but misspelling her name, so as to prevent her being identified, and caused these deeds to be recorded. The respondent testified that he induced Mrs. Pinski to execute the deed, and he filled in the name of O'Conner and induced O'Conner to execute the deed to his sister, and that he recorded the deeds. He therefore violated the section above referred to. The second mortgages were not subsequently foreclosed, but the first mortgages were. Then the respondent appeared for his sister, and thus he did not use the deeds for the purpose for which they were obtained and recorded.

The practice of conveying property upon which a mortgage is about to be foreclosed to persons who have no interest in the property, so as to place obstacles in the way of a foreclosure, is one that we cannot too strongly condemn. Its only object is to increase the delay and cost of foreclosure, or to enable those taking part in the transaction to extort money from the mortgagee. It is now expressly prohibited by statute and made a misdemeanor, and it is gross profes-

sional misconduct for an attorney of this court to take any part in such a transaction. The fact that the respondent did not subsquently use the conveyance to defraud or delay the first mortgagee when the mortgage was foreclosed may be considered in determining what should follow from such a violation of professional obligations, but we cannot overlook it.

The respondent is therefore suspended from practice for six months, and until the further order of the court, with leave to the respondent to apply for reinstatement at the expiration of such period, upon showing that he has actually abstained from practice and has otherwise properly conducted himself. All concur.